UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BAMBEE PARKER MILLER, | ) | No. CV 15-7388-AGR |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff Miller filed this action on September 21, 2015.  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge.  (Dkt. Nos. 14, 18.)  On June 28, 2016, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues.  The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court reverses the decision of the Commissioner and remands for further proceedings consistent with this opinion.

# I.

## **PROCEDURAL BACKGROUND**

On August 14, 2012, Miller filed an application for disability insurance benefits. On September 25, 2012, Miller filed an application for supplemental security benefits. In both applications, she alleged an onset date of March 27, 2011.  The applications were denied.  Administrative Record ("AR") 14.  Miller requested a hearing before an ALJ.  On January 13, 2014, the ALJ conducted a hearing at which Miller and a vocational expert ("VE") testified.  AR 34-58.  On April 2, 2014, the ALJ issued a decision denying benefits.  AR 11-25.  On July 31, 2015, the Appeals Council denied the request for review.  AR 1-5.  This action followed.

# II.

## **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523.  In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257.  When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

### III.

### DISCUSSION

**A.   Disability**

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and quotation marks omitted).

**B.   The ALJ's Findings**

The ALJ found that Miller meets the insured status requirements through December 31, 2016.  AR 16.  Following the five-step sequential analysis applicable to disability determinations, *Lounsbury v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Miller  had the following severe impairments: affective disorder; chronic obstructive pulmonary disease ("COPD"); lumbar strain; obesity and status post rib fracture.  AR 17.

The ALJ found that Miller has the residual functional capacity ("RFC") to lift or carry 20 pounds occasionally and 10 pounds frequently; sit, stand or walk up to six hours in an eight-hour workday; and occasionally climb, balance, stoop, kneel, crouch and crawl.  She must avoid climbing ladders, ropes or scaffolds; concentrated exposure to extreme cold, heat or industrial hazards; and even moderate exposure to pulmonary irritants.  Miller is limited to simple repetitive tasks and no more than occasional contact with coworkers, supervisors or the public.  AR 18.  The ALJ found that Miller was unable

---

[1]   The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsbury*, 468 F.3d at 1114.

1  to perform her past relevant work but there are jobs that exist in significant numbers in
2  the national economy that Miller can perform such as marker, routing clerk and
3  assembler, small products.  AR 23-24.

4  **C.**   **Treating Physician**

5  The ALJ limited Miller to simple repetitive tasks with no more than occasional
6  contact with coworkers, supervisors or the public.  AR 21.  Miller contends the ALJ
7  erred in evaluating the opinions of her treating psychiatrist, Dr. Vicary.

8  An opinion of a treating physician is given more weight than the opinion of
9  non-treating physicians.  *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  To reject an
10  uncontradicted opinion of a medically acceptable treating source, an ALJ must state
11  clear and convincing reasons that are supported by substantial evidence.  *Bayliss v.*
12  *Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  When, as here, a treating physician's
13  opinion is contradicted by another doctor, "the ALJ may not reject this opinion without
14  providing specific and legitimate reasons supported by substantial evidence in the
15  record.  This can be done by setting out a detailed and thorough summary of the facts
16  and conflicting clinical evidence, stating his interpretation thereof, and making findings."
17  *Orn*, 495 F.3d at 632 (citations and quotation marks omitted).  "When there is conflicting
18  medical evidence, the Secretary must determine credibility and resolve the conflict."
19  *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) (citation and quotation marks
20  omitted).

21  Miller submitted to the Appeals Council a report by Dr. Vicary dated April 25,
22  2014, approximately three weeks after the ALJ's opinion dated April 2, 2014.  The
23  Appeals Council made the evidence part of the record.  AR 5.  Therefore, the court
24  considers both the ALJ's decision and the additional material submitted to the Appeals
25  Council to determine whether the ALJ's decision is supported by substantial evidence.
26  *Brewes v. Comm'r*, 682 F.3d 1157, 1163 (9th Cir. 2012).

27

28

4

1    Dr. Vicary opined that Miller was not significantly limited in her ability to

2    remember work-like procedures; carry out simple instructions; sustain an ordinary

3    routine without special supervision; make simple work-related decisions; interact

4    appropriately with the public; ask simple questions or request assistance; maintain

5    socially appropriate behavior; respond appropriately to changes in the work setting; and

6    be aware of normal hazards take appropriate precautions.  AR 323-24.  Dr. Vicary

7    found Miller moderately limited in her ability to remember short instructions; perform

8    activities within a schedule, maintain regular attendance and be punctual within

9    customary tolerances; work in proximity to others without being distracted; respond

10   appropriately to instructions and criticism from supervisors; and get along with

11   coworkers without distractions.[2]  *Id.*

12   These opinions are not necessarily inconsistent with the ALJ's RFC assessment.

13   *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173 (9th Cir. 2008) (ALJ may

14   translate moderate limitations into a limitation to simple repetitive tasks based on

15   record).  Because the ALJ limited Miller to simple repetitive tasks, Dr. Vicary's opinions

16   that Miller had marked limitations in her ability to remember detailed instructions, and

17   maintain attention and concentration for extended periods, are not facially inconsistent

18   with the ALJ's RFC assessment.  AR 323-24.

19   To the extent the ALJ discounted Dr. Vicary's other opinions, the ALJ's decision

20   was supported by substantial evidence.  The ALJ correctly noted that the record does

21   not contain treatment notes for Dr. Vicary or any other treating mental health specialist.

22   AR 21.  In both the April 25, 2014 report and his check-the-box report dated November

23   22, 2013, Dr. Vicary opined that Miller had marked limitations in social functioning and

24   maintaining concentration, persistence or pace.  Dr. Vicary also indicated Miller had four

25   or more episodes of decompensation, each of extended duration.  AR 270-71, 321.  Dr.

26

27   [2]   Because the ALJ limited Miller to simple routine tasks, the court does not discuss

28   Dr. Vicary's assessment of moderate limitations in Miller's ability to remember and carry out detailed instructions.

1  Vicary did not provide any of his clinical notes or otherwise cite any mental status
2  examinations or psychological testing to support his opinions.[3]  The sparse medical
3  records do not contain any indication of episodes of decompensation.  At the hearing,
4  Miller testified that, in addition to Dr. Vicary who prescribed medication, she saw a
5  counselor at a different free clinic.  AR 47.  Miller did not identify the counselor or clinic,
6  and did not provide any treatment records.  Miller testified that, before Dr. Vicary, she
7  saw a psychologist, Dr. Berkowitz, who "put me on state disability."  AR 46, 56.  At the
8  request of Miller's attorney, the ALJ left the record open for 30 days so that Miller could
9  submit the records.  AR 38, 56-57.  Miller did not submit treatment records from Dr.
10 Vicary or anyone else during that period, and does not explain why.

11      An ALJ "need not accept the opinion of any physician, including a treating
12 physician, if that opinion is brief, conclusory, and inadequately supported by clinical
13 findings."  *Thomas*, 278 F.3d at 957; *see Batson v. Comm'r*, 359 F.3d 1190, 1195 (9th
14 Cir. 2004) (ALJ may discount check-the-box report that does not explain basis of its
15 conclusions).  Contrary to Miller's argument, this principle applies equally to opinions
16 regarding mental impairments.  *See Bayliss*, 427 F.3d at 1217 (ALJ may discount
17 psychologist's opinion unsupported by clinical evidence and does not have duty to
18 recontact psychologist).[4]

19

20

21      [3]   Dr. Vicary apparently did not respond to the Commissioner's attempts to obtain
   records.  AR 62-63.  Miller obtained Dr. Vicary's second report after the ALJ's decision
22 but did not submit any treatment records.

23      [4]   Miller cites *Sanchez v. Apfel*, 85 F. Supp. 2d 986 (C.D. Cal. 2000).  However, in
   that case, the ALJ rejected the opinions of the claimant's treating physicians that she
24 had a mental impairment at step two of the sequential analysis because there was no
   "'objective evidence.'"  *Id.* at 992 (citation omitted).  The district court properly found that
25 a mental impairment is not amenable to "'objective laboratory testing as is a medical
26 impairment.'"  *Id.* (citation omitted).  While objective laboratory testing may not be
   available, mental health practitioners regularly use clinical evidence such as mental
27 status examinations and/or standardized psychological testing.  Dr. Vicary's reports do
28 not cite or describe any basis for the conclusions reached.

1       Moreover, Dr. Vicary's opinions are not entirely consistent with his assessments

2 in the April 25, 2014 report submitted to the Appeals Council.  For example, Dr. Vicary

3 found marked limitation in social functioning.  In work situations, social functioning "may

4 involve interactions with the public, responding appropriately to persons in authority

5 (e.g., supervisors), or cooperative behaviors involving coworkers."  Listing 12.00(C)(2).

6 Marked limitation is defined "by the nature and overall degree of interference with

7 function."  *Id.*  As discussed above, Dr. Vicary opined that Miller was not significantly

8 limited in her ability to interact appropriately with the public and was moderately limited

9 in her ability to work in proximity to others without being distracted; respond

10 appropriately to instructions and criticism from supervisors; and get along with

11 coworkers without distractions.  AR 323-24.

12       The ALJ also properly discounted Dr. Vicary's opinions based on the examining

13 psychiatrist's report.  AR 22.  An examining physician's opinion constitutes substantial

14 evidence when, as here, it is based on independent clinical findings.  *Orn*, 495 F.3d at

15 632.  Dr. Ritvo conducted a mental status examination.  He noted that Miller had good

16 eye contact, good interpersonal contact and was able to volunteer information

17 spontaneously.  He observed no psychomotor agitation or retardation.  Her thought

18 processes and thought content were coherent, organized, relevant and non-delusional.

19 Her speech was normal and not pressured.  Her mood and affect were moderately

20 depressed.  She appeared to be of at least average intelligence.  Her memory,

21 concentration, insight and judgment were intact.[5]  AR 246.  Dr. Ritvo diagnosed

22 dysthymic reaction and opined that she had no impairment in her ability to understand,

23 remember or complete simple commands and moderate impairment in the following

24 areas:  ability to understand, remember or complete complex commands; ability to

25 interact appropriately with supervisors, coworkers or the public; ability to comply with

26

27      [5]  Miller was able to perform serial threes, and recall three items both immediately

28 and after five minutes.  She followed the conversation well.  AR 246.

7

1  job rules such as attendance; and ability to maintain persistence and pace in a normal
2  workplace setting.  AR 246-47.

3      The ALJ did not err.[6]

4      **D.    Credibility**

5      "To determine whether a claimant's testimony regarding subjective pain or
6  symptoms is credible, an ALJ must engage in a two-step analysis."  *Lingenfelter v.*
7  *Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  At step one, "the ALJ must determine
8  whether the claimant has presented objective medical evidence of an underlying
9  impairment 'which could reasonably be expected to produce the pain or other
10 symptoms alleged.'"  *Id.* (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)
11 (en banc)).

12     Second, when an ALJ concludes that a claimant is not malingering and has
13 satisfied the first step, "the ALJ may 'reject the claimant's testimony about the severity
14 of her symptoms only by offering specific, clear and convincing reasons for doing so.'"
15 *Brown-Hunter v. Colvin*, 798 F.3d 749, 755 (9th Cir. 2015) (citation omitted); *Burrell v.*
16 *Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).  "A finding that a claimant's testimony is
17 not credible 'must be sufficiently specific to allow a reviewing court to conclude the
18 adjudicator rejected the claimant's testimony on permissible grounds and did not
19 arbitrarily discredit a claimant's testimony regarding pain.'"  *Brown-Hunter*, 798 F.3d at
20 755 (citation omitted).  "'General findings are insufficient; rather, the ALJ must identify
21 what testimony is not credible and what evidence undermines the claimant's
22 complaints.'"  *Id.* (citation omitted).

23     In weighing credibility, the ALJ may consider "ordinary techniques of credibility
24 evaluation."  *Bunnell*, 947 F.2d at 346 (citing Social Security Ruling ("SSR") 88-13)
25
26 _____
27     [6]  Given that the ALJ did not err in discounting Dr. Vicary's reports, Miller cannot
    establish that she meets Listing 12.04.  The ALJ found that she did not meet that listing
28 based on the state agency psychologist's report.  AR 78.

1    (quotation marks omitted).[7]  The ALJ may consider factors such as:  (a) inconsistencies

2    or discrepancies in a claimant's statements; (b) inconsistencies between a claimant's

3    statements and activities; (c) exaggerated complaints; and (d) an unexplained failure to

4    seek treatment.  *Thomas*, 278 F.3d at 958-59.

5         The ALJ found that Miller's medically determinable impairments could reasonably

6    be expected to cause the alleged symptoms, but that her statements concerning the

7    intensity, persistence and limiting effects were "not entirely credible."  AR 19.  The ALJ

8    relied on two reasons:  (1) lack of objective medical evidence that supports the severity

9    of her allegations; and (2) little evidence of treatment for Miller's allegedly disabling

10   symptoms.  AR 20-21.

11        In determining that the objective medical evidence did not support the severity of

12   Miller's respiratory problems, the ALJ relied in part on the absence of clinical tests

13   including a sleep study.  AR 20.  The ALJ correctly found that the clinical findings on

14   examination in the record before him were unremarkable.  Miller had clear lungs,

15   bilateral symmetric breathing and normal expiratory phase.  AR 20, 251.  However,

16   Miller submitted to the Appeals Council a sleep study at UCLA in January 2012.  The

17   polysomnogram was abnormal and showed "severe REM related OSA with severe

18   desaturations."  "The study demonstrates $O_2$ desaturation to 78% from baseline of 95-

19   97%."  AR 314.  Dr. Zeidler diagnosed obstructive sleep apnea and recommended

20   CPAP or intra-oral device.  Dr. Zeidler stated that Miller was to follow up with Dr. Glazier

21   for treatment.  AR 315.  Over a year later, in March 2013, Miller told the examining

22   physician that she had never obtained a CPAP machine and that she had gotten into a

23   car accident after falling asleep at the wheel one morning about a year earlier.  AR 250.

24   The examining physician noted that Miller appeared "somewhat sleepy" and

25   _____

26        [7]  Social Security rulings do not have the force of law.  Nevertheless, they "constitute
     Social Security Administration interpretations of the statute it administers and of its own
27   regulations," and are given deference "unless they are plainly erroneous or inconsistent
     with the Act or regulations."  *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).
28

1  recommended that Miller not drive while her sleep apnea was untreated.  AR 254.

2  Miller does not explain why she did not follow up with Dr. Glazier for treatment.

3       The ALJ, who did not have this evidence, did not identify sleep apnea as a severe

4  medical impairment at step two and did not have the opportunity to evaluate whether

5  there are functional limitations associated with it alone or in combination with other

6  impairments.  Moreover, the fact that Miller was able to produce a study to support one

7  of her allegations may be relevant to the ALJ's second reason for discounting her

8  credibility.  For this reason, the matter will be remanded.

9       Miller also contends that the ALJ erred in evaluating her friend's statement.  "In

10  determining whether a claimant is disabled, an ALJ must consider lay witness testimony

11  concerning a claimant's ability to work."  *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir.

12  2006).  "When an ALJ discounts the testimony of lay witnesses, 'he [or she] must give

13  reasons that are germane to each witness.'"  *Valentine v. Comm'r*, 574 F.3d 685, 694

14  (9th Cir. 2009) (citation omitted).  The ALJ properly discounted the friend's statements

15  as inconsistent with the overall medical evidence.  AR 22.  Inconsistency with medical

16  evidence is a germane reason to discount lay witness statements.  *Bayliss v. Barnhart*,

17  427 F.3d 1211, 1218 (9th Cir. 2005); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)

18  ("One reason for which an ALJ may discount lay testimony is that it conflicts with

19  medical evidence.").  However, on remand, the ALJ is free to reconsider the friend's

20  statements in light of new medical records or evidence.

21                                          **IV.**

22                                        **ORDER**

23       IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and

24  remanded for further proceedings consistent with this opinion.

25

26

27

28

1    IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the

2  Judgment herein on all parties or their counsel.

3

4

5  DATED: July 28, 2016

                                    _____
6                                        ALICIA G. ROSENBERG
                                       United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28